# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **P.B.**

**No. 22-0410** (Kanawha County 19-JA-513)

## MEMORANDUM DECISION

Petitioner Mother A.B.[1] appeals the Circuit Court of Kanawha County's April 22, 2022, order terminating her parental rights to P.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August of 2019, the DHHR filed a petition alleging that the parents abused and neglected the child by virtue of domestic violence and drug abuse. Prior to the petition's filing, petitioner tested positive for methamphetamine, amphetamine, and marijuana while an in-home safety plan was in place. The petition also alleged that petitioner had an extensive history of Child Protective Services involvement in Texas, which resulted in the termination of her parental rights to two older children in that state. At the preliminary hearing, petitioner admitted that she was diagnosed with schizophrenia, bipolar disorder, and other mental health issues, yet she chose not to treat these conditions with medication for an extended period. Petitioner later stipulated to the fact that her drug use interfered with her ability to parent, and the circuit court adjudicated her as an abusing and neglecting parent by order entered in October of 2019. During the adjudicatory hearing, the court "strongly urged" petitioner to consider inpatient substance abuse treatment.

In December of 2019, the court granted petitioner a post-adjudicatory improvement period that required her to participate in adult life skills classes, random drug screens, supervised visitation, and substance abuse treatment. The court then held many review hearings over the next several months, during which the DHHR indicated that the parents were somewhat compliant with services, although they noted concerning issues such as failure to attend visits and drug screens.

---

[1]Petitioner appears by counsel Timbera C. Wilcox. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Elizabeth Davis appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At a review hearing in January of 2021, the court addressed an issue with the arrest of one of the parents' service providers. The parents were the victims of his crime and explained to the court that the provider sought "sexual favors for helping in court" and wanted them to "[d]o drugs with him and have sex in front of him." The provider also threatened to kill the parents if they reported his conduct and stalked them both before and after he was fired from his job. According to the record, this provider was involved in the parents' case from April of 2020 until November of 2020.

The court noted, however, that notwithstanding the issue of the provider's criminal conduct, "there have been issues involving [the parents'] compliance with the improvement period[s]," including continued drug use. During the hearing, petitioner admitted to ongoing substance abuse and failing to take her prescribed medication. The court explained that although the provider's criminal conduct was problematic, it did not alleviate the court's concerns about petitioner's issues with drug use, lack of substance abuse treatment, and "other issues that, quite frankly, have put this case on hold way too long." In fact, the court explained that petitioner's drug use occurred both before the problematic provider was involved in the case and after he was fired. Both the DHHR and the guardian agreed and asked to proceed to disposition, with the guardian highlighting the fact that "it has been over a year with essentially no improvement in the issues that led to the filing." The court ultimately decided to continue the parents' improvement period, despite their failure to fully comply, because the circumstances "justif[ied] an improvement period under a different provider so there is no . . . undue influence."

In May of 2021, the guardian and the DHHR moved to terminate the parents' post-adjudicatory improvement periods upon evidence that they had not made progress, despite the lengthy proceedings. The court granted the motion, but ordered that services for petitioner would continue. Thereafter, disposition was continued several times, ultimately culminating in a hearing in February of 2022. During the hearing, a DHHR worker testified to petitioner's failure to comply with drug screens, as required. Prior to the dispositional hearing, petitioner missed seven screens and tested positive for marijuana on at least one screen. During the hearing, petitioner moved for a post-dispositional improvement period.

Ultimately, the court denied petitioner's motion and terminated her parental rights. In rendering these decisions, the court recognized that the prior service provider's conduct was appalling and caused "disruption and delays in any potential progress with remedial services." However, the court noted that even after the provider was removed, petitioner did not progress in services, despite the court leaving services in place even when petitioner demonstrated noncompliance. The court also found that petitioner was responsible for many delays as a result of her failure to consistently screen, her repeated illnesses that lacked documentation, trips out of town that caused her to fail to screen, and "cutting short supervised visitations because of [her] own scheduling." Accordingly, the court found that there had been no significant change in circumstances since the prior improvement period and that petitioner was not likely to substantially comply with an additional improvement period. The court also found that, over the two years the matter was pending, petitioner never attained minimally adequate parenting as evidenced by her admitted ongoing substance abuse, domestic violence between the parents, and other issues of noncompliance. According to the court, petitioner "squandered opportunities" to reunify with the

child "despite the best efforts of the Department." Accordingly, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination was in the child's best interests. As such, the court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises only one argument challenging the circuit court's denial of her motion for a post-dispositional improvement period.[4] According to petitioner, it was error to deny her motion because she was the victim of criminal conduct perpetrated by a service provider during the proceedings. While we agree with the circuit court that this provider's conduct was egregious and caused delay in petitioner's improvement, the record also totally belies petitioner's argument given that she was granted an extended period to demonstrate compliance with services and failed to do so.

As the circuit court noted many times during the proceedings, petitioner failed to comply with services both before the provider in question was involved in the case and after the provider was removed. In short, petitioner cannot be entitled to relief by basing her argument on this provider's conduct, because the record shows that the provider was no longer involved in the case after November of 2020. Despite this fact, petitioner continued in her failure to fully comply with services or otherwise improve her parenting. Petitioner also ignores the fact that the provider in question was involved in the case for only seven out of the thirty months the matter was pending. On appeal, petitioner makes no attempt to explain her failure to comply with services during the roughly twenty-three months when the provider in question was not involved in the case. Petitioner also refers to herself as vulnerable because of her mental health issues, but ignores the fact that the record shows that she willingly failed to take her prescribed medication to resolve this issue.

In order to obtain a post-dispositional improvement period after already having received an improvement period, petitioner was required to "demonstrate[] that since the initial improvement period, . . . [she] experienced a substantial change in circumstances" and "that due to that change in circumstances, . . . [she was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). While petitioner argues that the removal of the problematic provider was a substantial change in circumstance that warranted a second improvement period, the facts set forth above demonstrate that the provider's removal did not constitute a substantial change in circumstances, given that petitioner continued to fail to comply even after the provider's removal. As we have explained, circuit courts have discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448,

---

[3]The court also terminated the father's parental rights to the child. The permanency plan for the child is adoption in the current placement.

[4]Despite alleging in her lone assignment of error that the court erred in terminating her parental rights, petitioner presents no actual argument in support of this assertion. We decline to address this assertion. *See* W. Va. R. App. P. 10(c)(7) ("The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on.").

573 S.E.2d 354, 359 (2002). Because petitioner demonstrated a failure to comply with services or improve the conditions of abuse and neglect at times before the provider in question was assigned to the case and after the provider's removal, we find no abuse of the court's discretion in denying petitioner's motion for a post-dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 22, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn